**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

**THE TRIAL LAW OFFICES OF
BRADLEY I. KRAMER, M.D., ESQ.**
Bradley I. Kramer, M.D., Esq. (SBN 234351)
bkramer@biklaw.com
8840 Wilshire Blvd., Suite 350
Beverly Hills, CA 90211-2606
Tel: (310) 289-2600
Fax: (866) 289-2771

Attorneys for *Plaintiff* ANYKA HARRIS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYKA HARRIS, individually and as successor-in-interest to Jontell Reedom,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TULARE; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>2. Substantive Due Process (42 U.S.C. § 1983)<br>3. Municipal Liability—Ratification (42 U.S.C. § 1983)<br>4. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)<br>5. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>6. Battery (Wrongful Death)<br>7. Negligence (Wrongful Death)<br>8. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Anyka Harris, individually and as a successor-in-interest to Jontell Reedom, deceased, for her Complaint against Defendants City of Tulare and DOES 1-10, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiff's son, Jontell Reedom on March 12, 2018.

## PARTIES

4. At all relevant times, Decedent JONTELL REEDOM ("DECEDENT") was an individual residing in the City of Tulare, California.

5. Plaintiff ANYKA HARRIS ("PLAINTIFF") is an individual residing in the City of Sacramento, California and is the natural mother of DECEDENT. PLAINTIFF sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to

California Code of Civil Procedure § 377.60. PLAINTIFF seeks both survival and wrongful death damages under federal and state law.

6. At all relevant times, Defendant CITY OF TULARE ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Tulare Police Department ("TPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants DOES 1-10.

7. At all relevant times, Defendants DOES 1-5 ("DOE OFFICERS") are officers for the TPD who were acting under color of law within the course and scope of their duties as officers for the TPD. DOES 1-5 were acting with the complete authority and ratification of their principal, Defendant CITY.

8. At all relevant times, Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees of the TPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the TPD. DOES 6-10 were acting with the complete authority and ratification of their principal, Defendant CITY .

9. On information and belief, DOES 1-10 were residents of the City of Tulare, County of Tulare.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-5 acting on the implied and actual permission and consent of Defendants TPD and DOES 6-10.

11. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to

Plaintiff, who otherwise sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

12.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

13.    All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

14.    DOES 1-10 are sued in their individual capacity.

15.    On or around June 4, 2018, PLAINTIFF filed a comprehensive and timely claim for damages with the City of Tulare in substantial compliance with §910 of the California Government Code.

16.    On June 19, 2018, the CITY denied said claim.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

17.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18.    On March 12, 2018, at approximately 4:30 p.m. in the City of Tulare near the 600 block of North Cherry Street and Cross Avenue, DOE OFFICERS discharged a Taser at DECEDENT, punched DECEDENT multiple times, struck DECEDENT with a baton, employed pepper spray at DECEDENT, and ultimately shot and killed DECEDENT. DECEDENT was unarmed and did not pose an

immediate threat of death or serious bodily injury to anyone at the time of the shooting.

19. On information and belief, DOE OFFICERS failed to give a warning that deadly force was going to be used before shooting at DECEDENT, despite it being feasible to do so.

20. On information and belief, DOE OFFICERS had knowledge that DECEDENT was mentally ill and failed to use de-escalation tactics, despite it being feasible to do so.

21. On information and belief, despite having knowledge that DECEDENT was seriously injured by DOE OFFICERS' use of force and deadly force, DOE OFFICERS failed to timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT was a contributing cause of DECEDENT's harm, injury, pain and suffering, and ultimate death.

22. PLAINTIFF is DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural mother of DECEDENT.

### FIRST CLAIM FOR RELIEF
**Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**
(Against Defendants DOE OFFICERS)

23. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24. Defendants DOE OFFICERS used excessive force against DECEDENT when they discharged a Taser at DECEDENT, punched DECEDENT multiple times, struck DECEDENT with a baton, employed pepper spray at DECEDENT, and ultimately shot and killed DECEDENT. Defendants DOE OFFICERS' unjustified use of force deprived DECEDENT of his right to be secure

in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

25. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

26. The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

27. The use of force, including the shooting, was excessive and unreasonable, and DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting. Further, Defendants DOE OFFICERS' shooting and use of force violated their training and standard police officer training.

28. PLAINTIFF brings this claim as a successors-in-interest to the DECEDENT, and seeks both survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, for the violation of DECEDENT's rights. PLAINTIFF also seeks attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF
### Substantive Due Process (42 U.S.C. § 1983)
(Against Defendants DOE OFFICERS)

29. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30. PLAINTIFF had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state

actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

31. The aforementioned actions of Defendants DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of PLAINTIFF, and with purpose to harm unrelated to any legitimate law enforcement objective.

32. As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  Defendants DOE OFFICERS thus violated the substantive due process rights of PLAINTIFF to be free from unwarranted interference with her familial relationship with DECEDENT.

33. As a direct and proximate cause of the acts of Defendants DOE OFFICERS, PLAINTIFF suffered emotional distress, mental anguish, and pain. PLAINTIFF has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

34. The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

35. PLAINTIFF brings this individually for the interference with her relationship with her son DECEDENT and seeks wrongful death damages for the violation of PLAINTIFF's rights.  PLAINTIFF also seeks attorney's fees under this claim.

//
//
//
//

## THIRD CLAIM FOR RELIEF

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(Against All Defendants)

36. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth herein.

37. Defendants DOE OFFICERS acted under color of law;

38. The acts of Defendants DOE OFFICERS deprived DECEDENT and PLAINTIFF of their particular rights under the United States Constitution.

39. A final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE OFFICERS, ratified Defendants DOE OFFICERS' acts and the bases for them. The final policymaker knew of and specifically approved of Defendants DOE OFFICERS' acts.

40. Upon information and belief, a final policymaker has determined that the acts of Defendants DOE OFFICERS were "within policy."

41. By reason of the aforementioned acts and omissions, PLAINTIFF has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of life, loss of enjoyment of life, and death.

42. Accordingly, Defendants CITY, DOE OFFICERS, and DOES 6-10 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

43. PLAINTIFF brings this claim as a successors-in-interest to DECEDENT, and seeks both survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful death damages under this claim. PLAINTIFF also seeks attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against All Defendants)

44. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

45. Defendants DOE OFFICERS acted under color of law;

46. The acts of Defendants DOE OFFICERS deprived DECEDENT and PLAINTIFF of their particular rights under the United States Constitution.

47. The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.  Nor were they adequate to train the officers to properly use nonlethal and lethal force in the event that such force was warranted.

48. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

49. The failure of Defendant CITY to provide adequate training, including training with regards to use of force caused the deprivation of DECEDENT's and PLAINTIFF's rights by Defendants DOE OFFICERS; that is, Defendants' failure to train is so closely related to the deprivation of the DECEDENT's and PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

50. On information and belief, CITY failed to train Defendants DOE OFFICERS properly and adequately.

51. By reason of the aforementioned acts and omissions, PLAINTIFF has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of life, loss of enjoyment of life, and death.

52. Accordingly, Defendants CITY, DOE OFFICERS, AND DOES 6-10 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

53. PLAINTIFF brings this claim as a successor-in-interest to the DECEDENT, and seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of DECEDENT's rights. PLAINTIFF also seeks attorney's fees under this claim.

### FIFTH CLAIM FOR RELIEF
**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**
(Against All Defendants)

54. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 53 of this Complaint with the same force and effect as if fully set forth herein.

55. Defendants DOE OFFICERS acted under color of law;

56. Defendants DOE OFFICERS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

57. On information and belief, Defendants DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

58. Defendants CITY, DOE OFFICERS, and DOES 6-10, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    (a) Using excessive force, including excessive deadly force;

    (b) Providing inadequate training regarding the use of deadly force;

    (c) Employing and retaining as police officers individuals such as Defendants DOE OFFICERS, who Defendant CITY at all times material herein knew or reasonably should have known had

dangerous propensities for abusing their authority and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants DOE OFFICERS, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, including Defendants DOE OFFICERS;

(f) Failing to adequately discipline CITY police officers, including Defendants DOE OFFICERS, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in unjustified shootings.

        (j) Failing to properly train police officers to use nonlethal force and to maintain their equipment concerning nonlethal force.

59. By reason of the aforementioned acts and omissions, PLAINTIFF has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

60. Defendants CITY, DOE OFFICERS, and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, PLAINTIFF, and other individuals similarly situated.

61. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOE OFFICERS and DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and PLAINTIFF's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, DOE OFFICERS, and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and PLAINTIFF, including but not limited to Defendants DOE OFFICERS' use of excessive force, including deadly force, against DECEDENT.

62. Accordingly, Defendants CITY, DOE OFFICERS, AND DOES 6-10 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

63. PLAINTIFF brings this claim as a successor-in-interest to the DECEDENT, and seeks survival damages, including pre-death pain and suffering,

-11-
COMPLAINT FOR DAMAGES

emotional distress, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of DECEDENT's rights. PLAINTIFF also seeks attorney's fees under this claim.

### SIXTH CLAIM FOR RELIEF

### Battery

### (Wrongful Death)

(Against All Defendants)

64. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

65. Defendants DOE OFFICERS, while working as an officer for the TPD, and acting within the course and scope of their duties, intentionally discharged a Taser at DECEDENT, punched DECEDENT multiple times, struck DECEDENT with a baton, employed pepper spray at DECEDENT, shot DECEDENT and used unreasonable and excessive force against him. As a result of the actions of Defendants DOE OFFICERS, DECEDENT ultimately died from his injuries. Defendants DOE OFFICERS had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers was an unreasonable and non-privileged use of force.

66. As a direct and proximate result of the conduct of Defendants DOE OFFICERS as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity.

67. CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

68. The conduct of Defendants DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF and DECEDENT, entitling PLAINTIFF, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

69. PLAINTIFF brings this claim individually and as a successor-in-interest to DECEDENT, and seeks wrongful death damages under this claim.

## SEVENTH CLAIM FOR RELIEF

**Negligence**

(Wrongful Death)

(Against all Defendants)

70. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 69 of this Complaint with the same force and effect as if fully set forth herein.

71. Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

72. Defendants DOE OFFICERS and DOES 6-10 breached this duty of care. Upon information and belief, the actions and inactions of Defendants DOE OFFICERS and DOES 6-10 were negligent and reckless, including but not limited to:

    (a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

    (b) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

     (c)    the negligent use of force, including deadly force, against DECEDENT;

     (d)    the failure to provide prompt medical care to DECEDENT;

     (e)    the failure to properly train and supervise employees, both professional and non-professional, including DOE OFFICERS;

     (f)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

     (g)    the negligent handling of evidence and witnesses; and

     (h)    the negligent communication of information during the incident.

73.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, PLAINTIFF suffered emotional distress and mental anguish. PLAINTIFF also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

74.    CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS and DOES 6-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

75.    PLAINTIFF brings this claim individually and as a successor-in-interest to DECEDENT, and seeks wrongful death damages under this claim.

//
//
//
//

# EIGHTH CLAIM FOR RELIEF

## (Violation of Cal. Civil Code § 52.1)

(Against all Defendants)

76. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

77. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

78. On information and belief, Defendants DOE OFFICERS, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT or acted in reckless disregard of decedent's civil rights, including by discharging a Taser at DECEDENT, punching DECEDENT multiple times, striking DECEDENT with a baton, employing pepper spray at DECEDENT, shooting him without justification or excuse, and by denying him necessary medical care.

79. When Defendants DOE OFFICERS discharged a Taser at DECEDENT, punched DECEDENT multiple times, struck DECEDENT with a baton, employed pepper spray at DECEDENT, and shot DECEDENT, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

80. On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, to prevent him from exercising such rights, or acted in reckless disregard of DECEDENT's civil rights, which he was fully entitled to enjoy.

81.     On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants DOE OFFICERS, inclusive were intended to discourage them from exercising the above civil rights, to retaliate against them, or invoking such rights, or to prevent them from exercising such rights.

82.     Defendants successfully interfered with the above civil rights of DECEDENT.

83.     The conduct of Defendants was a substantial factor in causing DECEDENT's harms, losses, injuries, and damages.

84.     CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS and DOES 6-10, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

85.     Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

86.     The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's rights, justifying an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

87.     PLAINTIFF brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including emotional distress and loss of enjoyment of life under this claim. PLAINTIFF also seeks treble damages, attorney's fees, and costs under this claim.

-16-
COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anyka Harris requests entry of judgment in her favor and against Defendants City of Tulare, and Does 1-10, inclusive, as follows:

    A.    For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

    B.    For funeral and burial expenses;

    C.    For punitive damages against the individual defendants in an amount to be proven at trial;

    D.    For statutory damages;

    E.    For treble damages pursuant to California Civil Code Sections 52, 52.1;

    F.    For interest;

    G.    For reasonable attorneys' fees, including litigation expenses;

    H.    For costs of suit; and

    I.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: August 22, 2018        LAW OFFICES OF DALE K. GALIPO
                                          THE TRIAL LAW OFFICES OF
                                          BRADLEY I. KRAMER, M.D., ESQ.

                                          By_____*/s/ Dale K. Galipo*_____
                                          Dale K. Galipo
                                          Bradley I. Kramer
                                          Attorneys for Plaintiff
                                          ANYKA HARRIS

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:  August 22, 2018         LAW OFFICES OF DALE K. GALIPO
                                THE TRIAL LAW OFFICES OF
                                BRADLEY I. KRAMER, M.D., ESQ.


                                By_____*/s/ Dale K. Galipo*_____
                                    Dale K. Galipo
                                    Bradley I. Kramer
                                    Attorneys for Plaintiff
                                    ANYKA HARRIS