**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BOBBY REEDOM, individually and as successor in interest to Jontell Reedom, deceased,**<br><br>**Plaintiff**<br><br>v.<br><br>**CITY OF TULARE,**<br><br>**Defendant** | **CASE No. 1:18-cv-01366-LJO-SKO**<br><br>**ORDER CONSOLIDATING AND MERGING MATTER INTO CASE NO. 18-CV-01135-LJO-SKO** |

On December 5, 2018, this matter was related to *Harris v. City of Tulare*, Case No. 1:18-cv-01135-LJO-SKO ("Harris Case") and reassigned to the undersigned. (Doc. 8.)

On December 6, 2018, the parties were ordered to show cause why this case should not be consolidated and merged into a single case, along with the Harris Case. (Doc. 9.) An order to show cause was also issued in the Harris Case. (Doc. 10 in the Harris Case.) In this case, both parties responded that they agreed the cases should be consolidated and merged. (*See* Docs. 10 & 11.) In the Harris Case, no party responded within the time period allotted.

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has broad discretion to determine whether and to what extent consolidation is appropriate. *See Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016); *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate, a court should balance the interest of judicial convenience against "any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). "[T]he law is clear that an act of consolidation does not affect any of the

substantive rights of the parties." *J.G. Link & Co. v. Continental Cas. Co.*, 470 F.2d 1133, 1138 (9th Cir. 1972); *see also Schnabel v. Lui*, 302 F.3d 1023, 1034–35 (9th Cir. 2002).

Here, this case and the Harris Case are extremely similar. Both cases involve the death of Jontell Reedom during an interaction with City of Tulare police officers. In both cases, the City of Tulare is the named defendant. Consolidating these related cases would conserve judicial resources and there is no apparent inconvenience, delay, or expense that would result from consolidation. In the absence of any opposition, there is no good reason not to consolidate these actions for all purposes. Under these circumstances, consolidating and merging these cases for all purposes into one case would be efficient. *Cf. Sanchez v. Servis One, Inc.,* CASE NO. 18cv0586 JM(JMA), 2018 WL 2329717, at *2 (S.D. Cal. May 23, 2018); *Intertex, Inc. v. Dri-Eaz Prods., Inc.*, No. C13–165–RSM, 2013 WL 2635028, at *3–4 (W.D. Wash. June 11, 2013). Therefore, the Court will consolidate and merge this case with the Harris Case.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall consolidate for all purposes and merge this case with *Harris v. City of Tulare*, Case No. 1:18-cv-01135-LJO-SKO;
2. All future filings and correspondence shall bear Case No. 1:18-cv-01135-LJO-SKO;
3. The Clerk shall file Docs.1, 7, 8, 9, 10, 11, 12, and 13 on the docket of Case No. 1:18-cv-01135-LJO-SKO;
4. The Clerk shall administratively close this case;[1] and
5. The Clerk shall file a copy of this order in Case No. 1:18-cv-01135-LJO-SKO.

IT IS SO ORDERED.

Dated:   **December 21, 2018**         /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

---

[1] The Court notes that administratively closing this case has no impact whatsoever on the merits.