# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BOBBY REEDOM, individually and as successor in interest to Jontell Reedom, deceased,**<br><br>Plaintiff<br><br>v.<br><br>**CITY OF TULARE,**<br><br>**Defendant** | CASE No. 1:18-cv-01366-LJO-SKO<br><br>**ORDER TO SHOW CAUSE WHY CASES SHOULD NOT BE CONSOLIDATED AND MERGED INTO A SINGLE CASE** |

On December 5, 2018, this matter was related to *Harris v. City of Tulare*, 1:18-cv-01135-LJO-SKO ("Harris Case") and reassigned to the undersigned. (Doc. 8.)

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has broad discretion to determine whether and to what extent consolidation is appropriate. *See Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016); *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate, a court should balance the interest of judicial convenience against "any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). "[T]he law is clear that an act of consolidation does not affect any of the substantive rights of the parties." *J.G. Link & Co. v. Continental Cas. Co.*, 470 F.2d 1133, 1138 (9th Cir. 1972); *see also Schnabel v. Lui*, 302 F.3d 1023, 1034–35 (9th Cir. 2002).

Here, this case and the Harris Case are extremely similar. Both cases involve the death of

Jontell Reedom during an interaction with City of Tulare police officers. In both cases, the City of Tulare is the named defendant. The key differences between the two cases appear to be the attorneys involved and the plaintiffs. In this case, the plaintiff is the decedent's father, both individually and as a successor in interest. In the Harris Case, the plaintiff is the decedent's mother, both individually and as a successor in interest. Given the similarity between these cases, it appears that consolidating and merging these cases into one case for all purposes may be appropriate. *See Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases" and may consolidate cases for "all purposes" in appropriate circumstances.) *Cf. Sanchez v. Servis One, Inc.,* CASE NO. 18cv0586 JM(JMA), 2018 WL 2329717, at *2 (S.D. Cal. May 23, 2018); *Intertex, Inc. v. Dri-Eaz Prods., Inc.*, No. C13–165–RSM, 2013 WL 2635028, at *3–4 (W.D. Wash. June 11, 2013).

Before the Court makes any decisions or issues any orders with respect to consolidation, however, it is appropriate to hear from the parties. Therefore, the Court will allow the parties to show cause why this case and the Harris Case should not be consolidated and merged into one case for all purposes.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that, within 10 days of service of this order, the parties may show cause in writing why this case should not be consolidated and merged into one case with *Harris v. City of Tulare*, 1:18-cv-01135-LJO-SKO.

IT IS SO ORDERED.

Dated:   **December 6, 2018**         /s/ Lawrence J. O'Neill
                                      UNITED STATES CHIEF DISTRICT JUDGE

2