1
2
3
4
5

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

6
7
8
9
10
11

**THE TRIAL LAW OFFICES OF
BRADLEY I. KRAMER, M.D., ESQ.**
Bradley I. Kramer, M.D., Esq. (SBN 234351)
bkramer@biklaw.com
8840 Wilshire Blvd., Suite 350
Beverly Hills, CA 90211-2606
Tel: (310) 289-2600
Fax: (866) 289-2771

Attorneys for *Plaintiff* ANYKA HARRIS

12
13
14
15
16

Brian T. Dunn, Esq. (SBN 176502)
Email: bdunn@cochranfirm.com
Megan R. Gyongyos, Esq. (SBN 285476)
Email: mgyongyos@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for *Plaintiff* BOBBY REEDOM

17
18
19

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

20
21
22
23
24
25
26
27
28

| | |
|---|---|
| ANYKA HARRIS, individually and as successor-in-interest to Jontell Reedom; BOBBY REEDOM, individually and as successor-in-interest to Jontell Reedom, <br><br>                              Plaintiffs, <br><br>      vs. <br><br> CITY OF TULARE; CLEMENTE CLINTON, individually; JOSE VALENCIA, individually; and DOES 3-10, inclusive, | Case No. 1:18-cv-01135-LJO-SKO [CONSOLIDATED] <br><br> *Honorable Lawrence J. O'Neill* <br> *Hon. Mag. Judge Sheila K. Oberto* <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br> 1. Fourth Amendment—Excessive Force (42 U.S.C. § 1983) <br> 2. Substantive Due Process (42 U.S.C. § 1983) |

1
Defendants.

2

3. Municipal Liability—Ratification (42 U.S.C. § 1983)
4. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)
5. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
6. Battery (Wrongful Death)
7. Negligence (Wrongful Death)
8. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs Anyka Harris and Bobby Reedom, individually and as a successors-in-interest to Jontell Reedom, deceased, for their Complaint against Defendants City of Tulare, Clemente Clinton, Jose Valencia, and DOES 3-10, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiffs' son, Jontell Reedom on March 12, 2018.

## PARTIES

4.      At all relevant times, Decedent JONTELL REEDOM ("DECEDENT") was an individual residing in the City of Tulare, California.

5.      Plaintiff ANYKA HARRIS ("PLAINTIFF HARRIS") is an individual residing in the City of Sacramento, California and is the natural mother of DECEDENT.  PLAINTIFF HARRIS sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to

1  DECEDENT pursuant to California Code of Civil Procedure § 377.60.  PLAINTIFF

2  HARRIS seeks both survival and wrongful death damages under federal and state

3  law.

4       6.      Plaintiff BOBBY REEDOM ("PLAINTIFF REEDOM") is an

5  individual residing in the County of Kern, California. PLAINTIFF REEDOM sues

6  both in his individual capacity as the natural father of DECEDENT and in a

7  representative capacity as a successor-in-interest to DECEDENT pursuant to

8  California Code of Civil Procedure § 377.60.  PLAINTIFF REEDOM seeks both

9  survival and wrongful death damages under federal and state law.

10      7.      At all relevant times, Defendant CITY OF TULARE ("CITY") is and

11  was a municipal corporation existing under the laws of the State of California. CITY

12  is a chartered subdivision of the State of California with the capacity to be sued.

13  CITY is responsible for the actions, omissions, policies, procedures, practices, and

14  customs of its various agents and agencies, including the Tulare Police Department

15  ("TPD") and its agents and employees.  At all relevant times, Defendant CITY was

16  responsible for assuring that the actions, omissions, policies, procedures, practices,

17  and customs of the and its employees and agents complied with the laws of the

18  United States and of the State of California.  At all relevant times, CITY was the

19  employer of Defendants DOES 3-10.

20      8.      At all relevant times, Defendant CLEMENTE CLINTON ("OFFICER

21  CLINTON") is a police officer working for the City of Tulare Police Department.

22  Defendant OFFICER CLINTON was acting under color of law and within the

23  course and scope of his duties as an officer for the City of Tulare Police Department.

24  Defendant OFFICER CLINTON was acting with the complete authority and

25  ratification of his principle, Defendant CITY.

26      9.      At all relevant times, Defendant JOSE VALENCIA ("OFFICER

27  VALENCIA") is a police officer working for the City of Tulare Police Department.

28  Defendant OFFICER VALENCIA was acting under color of law and within the

course and scope of his duties as an officer for the City of Tulare Police Department. Defendant OFFICER VALENCIA was acting with the complete authority and ratification of his principle, Defendant CITY.

10.     At all relevant times, Defendants DOES 3-5 ("DOE OFFICERS") are officers for the TPD who were acting under color of law within the course and scope of their duties as officers for the TPD.  DOES 3-5 were acting with the complete authority and ratification of their principal, Defendant CITY.

11.     At all relevant times, Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees of the TPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the TPD.  DOES 6-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

12.     On information and belief, DOES 1-10 were residents of the City of Tulare, County of Tulare.

13.     In doing the acts and failing and omitting to act as hereinafter described, Defendants OFFICER CLINTON, OFFICER VALENCIA, and DOES 3-5 were acting on the implied and actual permission and consent of Defendants TPD and DOES 6-10.

14.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 3-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

15.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

16.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

17.     DOES 3-10 are sued in their individual capacity.

18.     On or around June 4, 2018, PLAINTIFF HARRIS filed a comprehensive and timely claim for damages with the City of Tulare in substantial compliance with §910 of the California Government Code.

19.     On June 19, 2018, the CITY denied PLAINTIFF HARRIS' claim.

20.     On or around March 27, 2018, PLAINTIFF REEDOM filed a comprehensive and timely claim for damages with the City of Tulare in substantial compliance with §910 of the California Government Code.

21.     As of the date of the filing of this Complaint, PLAINTIFF REEDOM's claim was denied.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

22.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 21 of this Complaint with the same force and effect as if fully set forth herein.

23.     On March 12, 2018, at approximately 4:30 p.m. in the City of Tulare near the 600 block of North Cherry Street and Cross Avenue, OFFICER CLINTON, and OFFICER VALENCIA, negligently assessed the circumstances presented to them and violently confronted DECEDENT by discharging a Taser at DECEDENT, punching DECEDENT multiple times, striking DECEDENT with a baton, employing pepper spray at DECEDENT, and ultimately shooting and killing DECEDENT. DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

24.     On information and belief, OFFICER CLINTON and OFFICER VALENCIA failed to give a warning that deadly force was going to be used before shooting at DECEDENT, despite it being feasible to do so.

25.     On information and belief, OFFICER CLINTON and OFFICER VALENCIA had knowledge that DECEDENT was mentally ill and failed to use de-escalation tactics, despite it being feasible to do so.

26.     On information and belief, despite having knowledge that DECEDENT was seriously injured by OFFICER CLINTON and OFFICER VALENCIA's use of force and deadly force, OFFICER CLINTON and OFFICER VALENCIA failed to timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT was a contributing cause of DECEDENT's harm, injury, pain and suffering, and ultimate death.

27.     PLAINTIFF HARRIS is DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural mother of DECEDENT.

28.     PLAINTIFF REEDOM is DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural father of DECEDENT.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(All Plaintiffs Against Defendants OFFICER CLINTON and OFFICER VALENCIA)

29.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30.     Defendants OFFICER CLINTON and OFFICER VALENCIA used excessive force against DECEDENT when they discharged a Taser at DECEDENT, punched DECEDENT multiple times, struck DECEDENT with a baton, employed

1  pepper spray at DECEDENT, and ultimately shot and killed DECEDENT.

2  Defendants OFFICER CLINTON and OFFICER VALENCIA's unjustified use of

3  force deprived DECEDENT of his right to be secure in his person against

4  unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth

5  Amendment to the United States Constitution and applied to state actors by the

6  Fourteenth Amendment.

7       31.    As a result of the foregoing, DECEDENT suffered great physical pain

8  and emotional distress up to the time of his death, loss of enjoyment of life, loss of

9  life, and loss of earning capacity.

10       32.    The conduct of Defendants OFFICER CLINTON and OFFICER

11  VALENCIA was willful, wanton, malicious, and done with reckless disregard for

12  the rights and safety of DECEDENT, and therefore warrants the imposition of

13  exemplary and punitive damages as to Defendants OFFICER CLINTON and

14  OFFICER VALENCIA.

15       33.    The use of force, including the shooting, was excessive and

16  unreasonable, and DECEDENT posed no immediate threat of death or serious

17  bodily injury at the time of the shooting.  Further, Defendants OFFICER CLINTON

18  and OFFICER VALENCIA's shooting and use of force violated their training and

19  standard police officer training.

20       34.    PLAINTIFF HARRIS brings this claim as a successor-in-interest to the

21  DECEDENT, and seeks both survival damages, including pre-death pain and

22  suffering, emotional distress, loss of life, and loss of enjoyment of life, for the

23  violation of DECEDENT's rights.  PLAINTIFF HARRIS also seeks attorney's fees

24  under this claim.

25       35.    PLAINTIFF REEDOM brings this claim as a successor-in-interest to

26  the DECEDENT, and seeks both survival damages, including pre-death pain and

27  suffering, emotional distress, loss of life, and loss of enjoyment of life, for the

28

1  violation of DECEDENT's rights.  PLAINTIFF REEDOM also seeks attorney's

2  fees under this claim.

### SECOND CLAIM FOR RELIEF

**Substantive Due Process (42 U.S.C. § 1983)**

(All Plaintiffs Against Defendants OFFICER CLINTON and OFFICER

VALENCIA)

36.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

through 35 of this Complaint with the same force and effect as if fully set forth

herein.

37.     PLAINTIFF HARRIS had a cognizable interest under the Due Process

Clause of the Fourteenth Amendment of the United States Constitution to be free

from state actions that deprive her of life, liberty, or property in such a manner as to

shock the conscience, including but not limited to unwarranted state interference in

Plaintiff's familial relationship with her son, DECEDENT.

38.     PLAINTIFF REEDOM had a cognizable interest under the Due

Process Clause of the Fourteenth Amendment of the United States Constitution to be

free from state actions that deprive him of life, liberty, or property in such a manner

as to shock the conscience, including but not limited to unwarranted state

interference in Plaintiff's familial relationship with his son, DECEDENT.

39.     The aforementioned actions of Defendants OFFICER CLINTON and

OFFICER VALENCIA, along with other undiscovered conduct, shock the

conscience, in that they acted with deliberate indifference to the constitutional rights

of PLAINTIFF HARRIS and PLAINTIFF REEDOM, and with purpose to harm

unrelated to any legitimate law enforcement objective.

40.     As a direct and proximate result of these actions, DECEDENT

experienced pain and suffering and eventually died.  Defendants OFFICER

CLINTON and OFFICER VALENCIA thus violated the substantive due process

1  rights of PLAINTIFF HARRIS and PLAINTIFF REEDOM to be free from

2  unwarranted interference with their familial relationship with DECEDENT.

3      41.    As a direct and proximate cause of the acts of Defendants OFFICER

4  CLINTON and OFFICER VALENCIA, PLAINTIFF HARRIS and PLAINTIFF

5  REEDOM suffered emotional distress, mental anguish, and pain.  PLAINTIFF

6  HARRIS and PLAINTIFF REEDOM have also been deprived of the life-long love,

7  companionship, comfort, support, society, care, and sustenance of DECEDENT, and

8  will continue to be so deprived for the remainder of their natural lives.

9      42.    The conduct of Defendants OFFICER CLINTON and OFFICER

10 VALENCIA was willful, wanton, malicious, and done with reckless disregard for

11 the rights and safety of DECEDENT, PLAINTIFF HARRIS and PLAINTIFF

12 REEDOM and therefore warrants the imposition of exemplary and punitive

13 damages as to Defendants OFFICER CLINTON and OFFICER VALENCIA.

14     43.    PLAINTIFF HARRIS brings this claim individually for the

15 interference with her relationship with her son DECEDENT and seeks wrongful

16 death damages for the violation of PLAINTIFF HARRIS's rights.  PLAINTIFF

17 HARRIS also seeks attorney's fees under this claim.

18     44.    PLAINTIFF REEDOM brings this claim individually for the

19 interference with his relationship with his son DECEDENT and seeks wrongful

20 death damages for the violation of PLAINTIFF REEDOM's rights.  PLAINTIFF

21 REEDOM also seeks attorney's fees under this claim.

22                **THIRD CLAIM FOR RELIEF**

23        **Municipal Liability – Ratification (42 U.S.C. § 1983)**

24              (All Plaintiffs Against All Defendants)

25     45.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

26 through 44 of this Complaint with the same force and effect as if fully set forth

27 herein.

28

46.   Defendants OFFICER CLINTON and OFFICER VALENCIA acted under color of law;

47.   The acts of Defendants OFFICER CLINTON and OFFICER VALENCIA deprived DECEDENT, PLAINTIFF HARRIS, and PLAINTIFF REEDOM of their particular rights under the United States Constitution.

48.   A final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants OFFICER CLINTON and OFFICER VALENCIA, ratified Defendants OFFICER CLINTON and OFFICER VALENCIA's acts and the bases for them. The final policymaker knew of and specifically approved of Defendants OFFICER CLINTON and OFFICER VALENCIA's acts.

49.   Upon information and belief, a final policymaker has determined that the acts of Defendants OFFICER CLINTON and OFFICER VALENCIA were "within policy."

50.   By reason of the aforementioned acts and omissions, PLAINTIFF HARRIS and PLAINTIFF REEDOM have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of life, loss of enjoyment of life, and death.

51.   Accordingly, Defendants CITY, OFFICER CLINTON, OFFICER VALENCIA, and DOES 6-10 each are liable to PLAINTIFF HARRIS and PLAINTIFF REEDOM for compensatory damages under 42 U.S.C. § 1983.

52.   PLAINTIFF HARRIS brings this claim as a successor-in-interest to DECEDENT, and seeks both survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful death damages under this claim. PLAINTIFF HARRIS also seeks attorney's fees under this claim.

1   53.   PLAINTIFF REEDOM brings this claim as a successor-in-interest to

2   DECEDENT, and seeks both survival damages, including pre-death pain and

3   suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful

4   death damages under this claim. PLAINTIFF REEDOM also seeks attorney's fees

5   under this claim.

6   ### FOURTH CLAIM FOR RELIEF

7   **Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

8   (All Plaintiffs Against All Defendants)

9   54.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

10  through 53 of this Complaint with the same force and effect as if fully set forth

11  herein.

12  55.   Defendants OFFICER CLINTON and OFFICER VALENCIA acted

13  under color of law;

14  56.   The acts of Defendants OFFICER CLINTON and OFFICER

15  VALENCIA deprived DECEDENT, PLAINTIFF HARRIS, and PLAINTIFF

16  REEDOM of their particular rights under the United States Constitution.

17  57.   The training policies of Defendant CITY were not adequate to train its

18  officers to handle the usual and recurring situations with which they must deal.  Nor

19  were they adequate to train the officers to properly use nonlethal and lethal force in

20  the event that such force was warranted.

21  58.   Defendant CITY was deliberately indifferent to the obvious

22  consequences of its failure to train its officers adequately.

23  59.   The failure of Defendant CITY to provide adequate training, including

24  training with regards to use of force caused the deprivation of DECEDENT's,

25  PLAINTIFF HARRIS's and PLAINTFF REEDOM's rights by Defendants

26  OFFICER CLINTON and OFFICER VALENCIA; that is, Defendants' failure to

27  train is so closely related to the deprivation of the DECEDENT's, PLAINTIFF

28

1   HARRIS's, and PLAINTIFF REEDOM's rights as to be the moving force that

2   caused the ultimate injury.

3       60.    On information and belief, CITY failed to train Defendants OFFICER

4   CLINTON and OFFICER VALENCIA properly and adequately.

5       61.    By reason of the aforementioned acts and omissions, PLAINTIFF

6   HARRIS and PLAINTIFF REEDOM have suffered loss of the love, companionship,

7   affection, comfort, care, society, training, guidance, and past and future support of

8   DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's

9   pain and suffering, loss of life, loss of enjoyment of life, and death.

10      62.    Accordingly, Defendants CITY, OFFICER CLINTON, OFFICER

11  VALENCIA, AND DOES 6-10 each are liable to PLAINTIFF HARRIS and

12  PLAINTIFF REEDOM for compensatory damages under 42 U.S.C. § 1983.

13      63.    PLAINTIFF HARRIS brings this claim as a successor-in-interest to the

14  DECEDENT, and seeks survival damages, including pre-death pain and suffering,

15  emotional distress, loss of life, and loss of enjoyment of life, and wrongful death

16  damages for the violation of DECEDENT's rights.  PLAINTIFF HARRIS also

17  seeks attorney's  fees under this claim.

18      64.    PLAINTIFF REEDOM brings this claim as a successor-in-interest to

19  DECEDENT, and seeks both survival damages, including pre-death pain and

20  suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful

21  death damages under this claim. PLAINTIFF REEDOM also seeks attorney's fees

22  under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)

(All Plaintiffs Against All Defendants)

26      65.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

27  through 64 of this Complaint with the same force and effect as if fully set forth

28  herein.

66.     Defendants OFFICER CLINTON and OFFICER VALENCIA acted under color of law;

67.     Defendants OFFICER CLINTON and OFFICER VALENCIA acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

68.     On information and belief, Defendants OFFICER CLINTON and OFFICER VALENCIA were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

69.     Defendants CITY, OFFICER CLINTON, OFFICER VALENCIA, and DOES 6-10, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

   (a)   Using excessive force, including excessive deadly force;

   (b)   Providing inadequate training regarding the use of deadly force;

   (c)   Employing and retaining as police officers individuals such as Defendants OFFICER CLINTON and OFFICER VALENCIA, who Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

   (d)   Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants OFFICER CLINTON and OFFICER VALENCIA, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

   (e)   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, including Defendants OFFICER CLINTON and OFFICER VALENCIA;

(f)  Failing to adequately discipline CITY police officers, including Defendants OFFICER CLINTON and OFFICER VALENCIA, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)  Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)  Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in unjustified shootings.

(j)  Failing to properly train police officers to use nonlethal force and to maintain their equipment concerning nonlethal force.

70.  By reason of the aforementioned acts and omissions, PLAINTIFF HARRIS and PLAINTIFF REEDOM have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

71.  Defendants CITY, OFFICER CLINTON, OFFICER VALENCIA, and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and

1  customs alleged in the paragraphs above.  Despite having knowledge as stated

2  above, these defendants condoned, tolerated and through actions and inactions

3  thereby ratified such policies.  Said defendants also acted with deliberate

4  indifference to the foreseeable effects and consequences of these policies with

5  respect to the constitutional rights of DECEDENT, PLAINTIFF HARRIS,

6  PLAINTIFF REEDOM, and other individuals similarly situated.

7      72.    By perpetrating, sanctioning, tolerating and ratifying the outrageous

8  conduct and other wrongful acts, Defendants OFFICER CLINTON, OFFICER

9  VALENCIA and DOES 6-10 acted with intentional, reckless, and callous disregard

10  for the life of DECEDENT and for DECEDENT's and PLAINTIFFs' constitutional

11  rights. Furthermore, the policies, practices, and customs implemented, maintained,

12  and still tolerated by Defendants CITY, OFFICER CLINTON, OFFICER

13  VALENCIA, and DOES 6-10 were affirmatively linked to and were a significantly

14  influential force behind the injuries of DECEDENT and PLAINTIFFS, including

15  but not limited to Defendants OFFICER CLINTON and OFFICER VALENCIA's

16  use of excessive force, including deadly force, against DECEDENT.

17      73.    Accordingly, Defendants CITY, OFFICER CLINTON, OFFICER

18  VALENCIA, AND DOES 6-10 each are liable to PLAINTIFFS for compensatory

19  damages under 42 U.S.C. § 1983.

20      74.    PLAINTIFF HARRIS brings this claim as a successor-in-interest to the

21  DECEDENT, and seeks survival damages, including pre-death pain and suffering,

22  emotional distress, loss of life, and loss of enjoyment of life, and wrongful death

23  damages for the violation of DECEDENT's rights.  PLAINTIFF HARRIS also

24  seeks attorney's fees under this claim.

25      75.    PLAINTIFF REEDOM brings this claim as a successor-in-interest to

26  DECEDENT, and seeks both survival damages, including pre-death pain and

27  suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful

28

1  death damages under this claim. PLAINTIFF REEDOM also seeks attorney's fees

2  under this claim.

### SIXTH CLAIM FOR RELIEF

**Battery**

**(Wrongful Death)**

(All Plaintiffs against All Defendants)

7      76.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

8  through 75 of this Complaint with the same force and effect as if fully set forth

9  herein.

10     77.    Defendants OFFICER CLINTON and OFFICER VALENCIA, while

11  working as officers for the TPD, and acting within the course and scope of their

12  duties, intentionally discharged a Taser at DECEDENT, punched DECEDENT

13  multiple times, struck DECEDENT with a baton, employed pepper spray at

14  DECEDENT, shot DECEDENT and used unreasonable and excessive force against

15  him.  As a result of the actions of Defendants OFFICER CLINTON and OFFICER

16  VALENCIA, DECEDENT ultimately died from his injuries.  Defendants OFFICER

17  CLINTON and OFFICER VALENCIA had no legal justification for using force

18  against DECEDENT, and their use of force while carrying out their duties as police

19  officers was an unreasonable and non-privileged use of force.

20     78.    As a direct and proximate result of the conduct of Defendants

21  OFFICER CLINTON and OFFICER VALENCIA as alleged above, DECEDENT

22  sustained injuries and died from his injuries and also lost his earning capacity.

23     79.    CITY is vicariously liable for the wrongful acts of Defendants

24  OFFICER CLINTON and OFFICER VALENCIA pursuant to section 815.2(a) of

25  the California Government Code, which provides that a public entity is liable for the

26  injuries caused by its employees within the scope of the employment if the

27  employee's act would subject him or her to liability.

28

80.     The conduct of Defendants OFFICER CLINTON and OFFICER VALENCIA was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFFS and DECEDENT, entitling PLAINTIFFS, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants OFFICER CLINTON and OFFICER VALENCIA.

81.     PLAINTIFF HARRIS brings this claim individually and as a successor-in-interest to DECEDENT, and seeks wrongful death damages under this claim.

82.     PLAINTIFF HARRIS brings this claim individually and as a successor-in-interest to DECEDENT, and seeks wrongful death damages under this claim.

**SEVENTH CLAIM FOR RELIEF**

**Negligence**

(Wrongful Death)

(All Plaintiffs against all Defendants)

83.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 82 of this Complaint with the same force and effect as if fully set forth herein.

84.     Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

85.     Defendants OFFICER CLINTON, OFFICER VALENCIA, DOE OFFICERS and DOES 6-10 breached this duty of care.  Upon information and belief, the actions and inactions of Defendants OFFICER CLINTON, OFFICER VALENCIA, DOE OFFICERS and DOES 6-10 were negligent and reckless, including but not limited to:

(a)   the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b)   the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c)   the negligent use of force, including deadly force, against DECEDENT;

(d)   the failure to provide prompt medical care to DECEDENT;

(e)   the failure to properly train and supervise employees, both professional and non-professional, including OFFICER CLINTON, OFFICER VALENCIA, and DOE OFFICERS;

(f)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)   the negligent handling of evidence and witnesses; and

(h)   the negligent communication of information during the incident.

86.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, PLAINTIFFS suffered emotional distress and mental anguish.  PLAINTIFFS also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural life.

87.   CITY is vicariously liable for the wrongful acts of Defendants OFFICER CLINTON, OFFICER VALENCIA, DOE OFFICERS and DOES 6-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

88.     PLAINTIFF HARRIS brings this claim individually and as a successor-in-interest to DECEDENT, and seeks wrongful death damages under this claim.

89.     PLAINTIFF REEDOM brings this claim individually and as a successor-in-interest to DECEDENT, and seeks wrongful death damages under this claim.

## EIGHTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(All Plaintiffs against all Defendants)

90.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 89 of this Complaint with the same force and effect as if fully set forth herein.

91.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

92.     On information and belief, Defendants OFFICER CLINTON and OFFICER VALENCIA, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT or acted in reckless disregard of decedent's civil rights, including by discharging a Taser at DECEDENT, punching DECEDENT multiple times, striking DECEDENT with a baton, employing pepper spray at DECEDENT, shooting him without justification or excuse, and by denying him necessary medical care.

93.     When Defendants OFFICER CLINTON and OFFICER VALENCIA discharged a Taser at DECEDENT, punched DECEDENT multiple times, struck DECEDENT with a baton, employed pepper spray at DECEDENT, and shot DECEDENT, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical

care, to be free from state actions that shock the conscience, and to life, liberty, and property.

94.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, to prevent him from exercising such rights, or acted in reckless disregard of DECEDENT's civil rights, which he was fully entitled to enjoy.

95.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants OFFICER CLINTON and OFFICER VALENCIA, inclusive were intended to discourage them from exercising the above civil rights, to retaliate against them, or invoking such rights, or to prevent them from exercising such rights.

96.   Defendants successfully interfered with the above civil rights of DECEDENT.

97.   The conduct of Defendants was a substantial factor in causing DECEDENT's harms, losses, injuries, and damages.

98.   CITY is vicariously liable for the wrongful acts of Defendants OFFICER CLINTON and OFFICER VALENCIA and DOES 6-10, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

99.   Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

100.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's rights, justifying an award of exemplary and punitive damages as to Defendants OFFICER CLINTON and OFFICER VALENCIA.

101.   PLAINTIFF HARRIS brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including emotional distress and loss of enjoyment of life under this claim. PLAINTIFF HARRIS also seeks treble damages, attorney's fees, and costs under this claim.

102.   PLAINTIFF REEDOM brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including emotional distress and loss of enjoyment of life under this claim. PLAINTIFF REEDOM also seeks treble damages, attorney's fees, and costs under this claim.

FIRST AMENDED COMPLAINT FOR DAMAGES

1

## **PRAYER FOR RELIEF**

2      WHEREFORE, Plaintiffs Anyka Harris and Bobby Reedom request entry of

3   judgment in their favor and against Defendants City of Tulare, Clemente Clinton,

4   Jose Valencia, and Does 3-10, inclusive, as follows:

5              A.    For compensatory damages in whatever other amount may be

6                    proven at trial, including both survival damages and wrongful

7                    death damages under federal and state law;

8              B.    For funeral and burial expenses;

9              C.    For punitive damages against the individual defendants in an

10                    amount to be proven at trial;

11             D.    For statutory damages;

12             E.    For treble damages pursuant to California Civil Code Sections

13                    52, 52.1;

14             F.    For interest;

15             G.    For reasonable attorneys' fees, including litigation expenses;

16             H.    For costs of suit; and

17             I.    For such further other relief as the Court may deem just, proper,

18                    and appropriate.

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

FIRST AMENDED COMPLAINT FOR DAMAGES

1  DATED:  August 2, 2019          LAW OFFICES OF DALE K. GALIPO
                                   THE TRIAL LAW OFFICES OF
2                                  BRADLEY I. KRAMER, M.D., ESQ.

3

4                                  By_____/s/ Hang D. Le_____
5                                     Dale K. Galipo
                                      Hang D. Le
6                                     Bradley I. Kramer
                                      Attorneys for Plaintiff
7                                     ANYKA HARRIS

8  DATED:  August 2, 2019          THE COCHRAN FIRM CALIFORNIA
9

10

11                                 By_____/s/ Brian T. Dunn_____
                                      Brian T. Dunn
12                                    Megan R. Gyongyos
                                      Attorneys for Plaintiff
13                                    BOBBY REEDOM

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-23-
FIRST AMENDED COMPLAINT FOR DAMAGES

1

## <u>DEMAND FOR JURY TRIAL</u>

2        Plaintiffs hereby demand a trial by jury.

3

4   DATED:  August 2, 2019          LAW OFFICES OF DALE K. GALIPO
                                    THE TRIAL LAW OFFICES OF
5                                   BRADLEY I. KRAMER, M.D., ESQ.

6

7                                   By_____*/s/ Hang D. Le*_____
8                                       Dale K. Galipo
                                        Hang D. Le
9                                       Bradley I. Kramer
                                        Attorneys for Plaintiff
10                                      ANYKA HARRIS

11  DATED:  August 2, 2019          THE COCHRAN FIRM CALIFORNIA

12

13

14                                  By_____*/s/ Brian T. Dunn*_____
                                        Brian T. Dunn
15                                      Megan R. Gyongyos
                                        Attorneys for Plaintiff
16                                      BOBBY REEDOM

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES