UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYKA HARRIS and BOBBY REEDOM,<br><br>           Plaintiffs,<br><br>    v.<br><br>CITY OF TULARE, et al.,<br><br>           Defendant. | Case No. 1:18-cv-01135-JLT-SKO<br><br>ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER REMAINING STATE LAW CLAIMS; DISMISSING REMAINING CLAIMS WITHOUT PREJUDICE TO RE-FILING IN STATE COURT |

This is a civil rights case concerning the March 12, 2018, officer-involved shooting of Jontell Reedom, the son of Plaintiffs Anyka Harris and Bobby Reedom. (Doc. 1.) The shooting ultimately resulted in Jontell's death. (*Id*.) This case was filed on August 22, 2018, and alleged, among other things, that City of Tulare Officers Clemente Clinton and Jose Valencia violated Decedent's constitutional rights. (*Id*.) Defendants filed a motion for summary judgement on June 10, 2020. (Doc. 33.) After the previously (temporarily) assigned district judge issued the MSJ Order, the case was reassigned to the undersigned. (Doc. 61.)

The MSJ Order concluded that there were disputed issues of fact related to Plaintiff's Fourth Amendment claim that Defendants used excessive force against Decedent; as a result, the Court denied summary judgment as to that federal claim and related state law claims.[1] (*See*

---

[1] Plaintiff's claims against the City of Tulare were voluntarily dismissed and Summary Judgment was granted as to Plaintiff's Fourteenth Amendment claims. (*See* MSJ Order at 35.)

1

1    *generally* MSJ Order.) On January 28, 2022, Defendants filed a notice of interlocutory appeal
2    from the MSJ Order. (Doc. 64.) The Ninth Circuit reversed, finding that Defendants were entitled
3    to qualified immunity as to the Fourth Amendment claim. (Docs. 75 (Memorandum issued Mar.
4    17, 2023); 76 (Mandate issued April 10, 2023).) On April 18, 2023, the Court issued a Minute
5    Order calling for Plaintiff to show cause in writing within 30 days why the case should not be
6    "remanded"[2] to state court for all further proceedings given that no federal claims remain in the
7    case. (Doc. 77.) On May 18, Plaintiff Anyka Harris indicated she had no objection to "remand."
8    (Doc. 78.) No other party filed a response to the Court's Minute Order. (*See* docket.)

9    Generally, when all federal claims are dismissed in an action that also presents state law
10   claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state
11   law claims. 28 U.S.C. § 1367(c)(3). A district court's decision whether to exercise that
12   jurisdiction after dismissing every claim over which it had original jurisdiction is purely
13   discretionary. *See Clark v. Weber*, 54 F.4th 590, 594 (9th Cir. 2022) ("We find no abuse of
14   discretion in the court's refusal to exercise supplemental jurisdiction after it dismissed all of
15   [plaintiff's] federal claims with prejudice."). Here, the California courts are better suited to
16   resolve the remaining state law claims in this case; declining supplemental jurisdiction will
17   reduce the risk of incorrect application of California law and further the principle of comity.
18   Declining supplemental jurisdiction will also preserve this Court's limited resources to resolve
19   legal questions of federal significance.

**CONCLUSION**

For all the above reasons, the remaining claims in this case are **DISMISSED WITHOUT PREJUDICE TO RE-FILING IN STATE COURT.**

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 24, 2023**

UNITED STATES DISTRICT JUDGE

---

[2] Because this case was initially filed in federal court, the Court's use of the term "remand" was a misnomer. The proper issue is whether the Court should exercise supplemental jurisdiction over the remaining state law claims.